```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
GREGORY PAPADOPOULOS,                      :
                                           :
                    Plaintiff,             :
                                           :                SUMMARY ORDER
         -against-                         :                13-CV-02456 (DLI)(RLM)
                                           :
ALFONSO (ALFY) FANJUL, JOSE (PEPE)         :
FANJUL,                                    :
                                           :
                    Defendants.            :
                                           :
---------------------------------------------------------- X
```

**DORA L. IRIZARRY, U.S. District Judge:**

On April 23, 2013, Gregory Papadopoulos ("Plaintiff"), appearing *pro se*, filed the instant complaint, asserting claims against Alfonso Fanjul and Jose Fanjul pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See generally* Compl., Docket Entry No 1.) Plaintiff has paid the $350.00 filing fee to initiate the action. For the reasons discussed below, Plaintiff's various requests are denied and the complaint is dismissed as frivolous.[1]

## BACKGROUND

According to Plaintiff, "Defendants are masters of public relations, suppressing derogatory movies, articles, and judicial decisions." (Compl. at 3.) Additionally Plaintiff alleges that, "[Defendants] run[] a RICO type of enterprise in cooperation with high ranking officials of the Federal Bureau of Investigation for profit. Starting with 1997 this Enterprise . . . has destroyed my

---

[1] Plaintiff has moved for default judgment against Defendants and seeks recusal of the presiding judge. (Docket Entries No. 6, 9.) On June 18, 2013, Plaintiff filed what the Court construes as a proposed order to show cause for a temporary restraining order. (Docket Entries No. 11, 12, 13.) Also on June 18, 2013, Defendants, in lieu of a formal motion, requested that the Court dismiss this case for the same reasons the Court cited in dismissing Plaintiff's earlier case, *Papadopoulos v. Obama*, 2013 U.S. Dist. LEXIS 55093 (E.D.N.Y. Apr. 16, 2013), and preclude Plaintiff from making any future filings without first seeking leave of the Court. As the Court dismisses this complaint *sua sponte* as frivolous, Defendants' request is rendered moot, and Plaintiff's motions for a default judgment temporary restraining order are denied as moot.

life, causing a divorce, [wiping] me out financially, entangling me with criminal allegations, causing severe physical and mental injuries and in general denying me constitutional rights to property, freedom, and speech." (*Id.* at 1.) Defendant further alleges that, "[t]o prevent [Plaintiff] from [filing] a petition in the US Supreme Court, [Defendants] entangled Plaintiff with a prostitute a Julia Mineeva working for the NYC Fanjul Prostitution Ring.  Mineeva made false allegations of verbal harassment and Plaintiff was strangely imprisoned for an alleged verbal misdemeanor." (*Id.* at 4.)

Plaintiff also notes that, from 2001 to 2011, he was a party in 40 civil cases,[2] and that "most of the civil cases were strangely assigned to Judges . . . believed to be ideologically friendly and submissive to the FBI." (*Id.* at 4-5.)  Moreover, according to Plaintiff, "[t]he FBI/PBM[3] by 'hacking' into Plaintiff's computer/word processor had advance knowledge of Plaintiff's litigation plans.  They therefore rushed ahead of him to every court and insured that each case was assigned to a friendly judge before Plaintiff even appeared in court . . . ." (*Id.*)  Plaintiff seeks "a minimum tax free award of $500 million [trebled] to $1.5 billion from the defendants." (*Id.* at 13.)

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621

---

[2] Plaintiff is barred from filing future actions in the United States District Court for the Southern District of New York without first obtaining leave of the court.  *See Papadopoulos v. Mineeva*, 10 Civ. 4882 (S.D.N.Y. Feb. 8, 2011).

[3] "PMB" is Plaintiff's abbreviation for the "Palm Beach Mafia."

F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). However, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) (holding that district court may *sua sponte* dismiss frivolous complaint even if plaintiff has paid filing fee).

The Court recently dismissed as frivolous Plaintiff's lawsuit against President Barack Obama and FBI Director Robert Mueller based on similar factual allegations. *See Papadopoulos v. Obama*, 2013 U.S. Dist. LEXIS 55093 (E.D.N.Y. Apr. 16, 2013). Here, too, Plaintiff's claims, which can only be described as "fanciful," "fantastic," and "delusional," are dismissed as frivolous.

Separate from the complaint, Plaintiff has moved to recuse the undersigned from this case pursuant to 28 U.S.C. §§ 455(a) and 455(b)(3). (Apr. 20, 2013 Letter, Docket Entry No. 5; Mot. Seeking Disqualification, Docket Entry No. 6.) According to Plaintiff, the undersigned "is likely to be a material witness in this case" concerning the purported conspiracy between Defendants and the FBI, and, as such, Plaintiff "intend[s] during discovery to seek interrogatories, seek a deposition and call on [Judge Irizarry] to testify as to her possible knowledge of the defendants." (Apr. 20, 2013 Letter at 1.) The ultimate inquiry governing recusal motions is whether "a reasonable person, knowing all the facts, [would] conclude that the . . . judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Here, nothing in the record would cause a person, with knowledge of the relevant facts, to reasonably

question impartiality. Rather, Plaintiff's suggestion that the undersigned would be a material witness is based entirely on Plaintiff's frivolous and fanciful factual allegations without any basis in fact whatsoever. Therefore, Plaintiff's request for recusal is denied.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for recusal is denied and the action is dismissed as frivolous. Accordingly, Plaintiff's motions for default judgment and a temporary restraining order are denied as moot. Moreover, Plaintiff is cautioned that the further filing of non-meritorious complaints in the Eastern District of New York may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so. Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        June 19, 2013                                                   _____/s/_____
                                                                        DORA L. IRIZARRY
                                                                        United States District Judge